IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MASON JAMES | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-145 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mason James, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenged the constitutionality of a disciplinary proceeding.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. The petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that the petitioner's objections lack merit.

The Magistrate Judge recommended denying the petition because the information provided by the petitioner did not match any disciplinary cases in his prison records. In his objections to the

report and recommendation, the petitioner states that he is challenging the constitutionality of the disciplinary proceedings in cause number 20170183530.

The petitioner previously filed a habeas petition challenging cause number 20170183530. *James v. Director*, Civil Action No. 9-17-CV-124 (E.D. Tex. Nov. 4, 2017). That petition was denied because the petitioner did not lose any good time credits as a result of the disciplinary proceeding. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)(holding that prisoners charged with violations of prison rules are entitled to certain due process rights if the disciplinary action results in a sanction that imposes upon a liberty interest); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000)(concluding that, for Texas inmates, the only sanction that imposes upon a liberty interest is the loss of good time credits if the inmate's release on mandatory supervision will be delayed by the loss of the credits).

This petition fails for two reasons. First, the petitioner was not entitled to due process before the imposition of sanctions because he did not forfeit good conduct credits. Thus, the disciplinary conviction will not delay the petitioner's release on mandatory supervision. Second, the petitioner is barred from filing a successive petition challenging the disciplinary proceeding without authorization from the United States Court of Appeals for the Fifth Circuit. 28 U.S.C. § 2244(b).

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362

F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, the petitioner's objections (document no. 42) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate

Judge (document no. 41) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED January 7, 2019.**

_____
Ron Clark, Senior District Judge